(59 P.3d 1038)

No. 88,909

ORVILLE M. SMITH, *Appellant*, v. DAVID R. MCKUNE, *et al.*, *Appellees.*

—

Opinion filed December 20, 2002.

*Michael G. Highland*, of Bonner Springs, for the appellant.

*Kenneth R. Smith*, special assistant attorney general, for the appellees.

Before PIERRON, P.J., LEWIS, J., and BUCHELE, S.J.

PIERRON, J.: Orville M. Smith appeals the computation of his conditional release date.

Smith argues the Department of Corrections (DOC) improperly calculated his conditional release date. His arguments involve the interpretation of statutes and administrative regulations. Interpretation of a statute is a question of law over which an appellate court's review is unlimited. *In re Appeal of United Teleservices, Inc.*, 267 Kan. 570, 572, 983 P.2d 250 (1999).

The parties agree Smith's "sentence begins date" under K.A.R. 44-6-101(y) is April 18, 1987. The parties also agree Smith's "controlling maximum date" under K.A.R. 44-6-101(q) is April 18, 2022. The controlling maximum date is the sentence begins date plus the controlling maximum term imposed by the court. However, Smith has a "maximum sentence credit" under K.A.R. 44-6-135a of 3 years and 25 days. Thus, the adjusted controlling maximum date computes to March 23, 2019. Smith is entitled to good time credits of 17 years and 6 months on his 35-year sentence in determining his conditional release date.

Smith argues his conditional release date should be computed from the adjusted controlling maximum date, resulting in a conditional release date of September 23, 2001. The State argues the district court correctly found to the contrary and properly held that

Smith's conditional release date is computed from his controlling maximum date, not the adjusted date, resulting in a conditional release date of October 18, 2004.

There are two provisions in the administrative regulations addressing the term "conditional release date." K.A.R. 44-6-101(m) addresses the conditional release date as being the "maximum sentence ending date minus total authorized good time credits not forfeited."

K.A.R. 44-6-142 also explains the conditional release date:

"When computing the conditional release date, it shall be presumed that prior to March 1, 1995, 100% of the available good time credits were earned. On and after March 1, 1995, good time credits shall be awarded on an earned basis pursuant to K.A.R. 44-6-124 for the purpose of determining the conditional release date. The conditional release date shall be based on the controlling maximum sentence. No conditional release date shall be computed for a maximum sentence of life."

Both K.S.A. 21-4608(f)(4) and K.A.R. 44-6-138(g)(1) provide that only prior penal credit (as defined in K.A.R. 44-6-101[w]) shall be used in computing the sentencing begins date, the parole eligibility date, and the conditional release date. In computing these three dates, a defendant is not entitled to credit exceeding the prior penal credit. Here, Smith received prior penal credit in adjusting his sentence begins date. Notwithstanding, Smith is entitled to a maximum sentence credit (credit for incarceration exceeding the prior penal credit) which affects his maximum discharge date, but maximum sentence credit has no bearing on his sentence begins date, parole eligibility date, or conditional release date. Smith's requested use of the adjusted controlling maximum date would give him credit exceeding the prior penal credit and would violate K.S.A. 21-4608(f)(4). We also find the definition of conditional release date in both K.A.R. 44-6-101(m) and K.A.R. 44-6-142 is stated in terms of the maximum sentence, not a sentence adjusted by maximum sentence credit. See K.A.R. 44-6-142 ("The conditional release date shall be based on the controlling maximum sentence.").

The DOC, as affirmed by the district court, correctly computed Smith's conditional release date as October 18, 2004.

Affirmed.